UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00297-MSK

MARK G. DALY,

       Plaintiff,

  v.

JASON ARMSTRONG,

       Defendant.
_____

**ORDER OF REMAND**
_____

THIS MATTER comes before the Court *sua sponte*.

According to Plaintiff Mark G. Daly, he commenced an action in the County Court for Jefferson County, Colorado on or about August 14, 2007, alleging "fraud, breach and material misrepresentation, among other claims." Then, on February 11, 2010, he filed a Notice of Petition and Verified Petition for Warrant of Removal and Preliminary Injunction (**#1**) that initiated this action.

Having reviewed Mr. Daly's petition,[1] the Court finds that removal is improper for a

---

[1] In reviewing the petition, the Court is mindful that Mr. Daly is proceeding *pro se* and, therefore, the Court construes his pleadings liberally and holds him to a "less stringent standard" than pleadings drafted by lawyers in accordance with *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such liberal construction is intended merely to overlook technical formatting errors, poor writing style, and other defects in the party's use of legal terminology, citation, and theories. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, cannot act as a *pro se* litigant's legal advocate, and a *pro se* plaintiff retains the burden to allege sufficient facts to state a viable claim. Furthermore, *pro se* status does not relieve a party of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court must apply the same standard to counsel licensed to practice law and to a *pro se* party. *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

number of reasons.[2]

The removal statute authorizes a defendant, not a plaintiff, to remove an action to federal court. *See* 28 U.S.C. § 1441(a); *Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447, 449(1st Cir. 1989). Therefore, as Mr. Daly is the plaintiff in the underlying action, the removal is not authorized. Although this deficiency alone require remand, other grounds also mandate it.

Mr. Daly also has failed to comply with the requirements of the removal statute. Pursuant to 28 U.S.C. § 1446, to remove an action, the removing party must file with the district court "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Mr. Daly has not provided any of the underlying process, pleadings, or orders. In fact, Mr. Daly has not even supplied a copy of the complaint so that the Court can determine the claims he asserts against Defendant Jason Armstrong. Furthermore, removal appears to be untimely. Section 1446 requires that a notice of removal be filed within 30 days of the pleading from which it may be ascertained that the case is removable. This action was initiated in August 2007[3], over two and half years ago, and there is no indication in the Petition as to why removal was delayed until now. Thus, the removal is procedurally improper.

Finally, Mr. Daly has not demonstrated that this court has subject matter jurisdiction over

---

[2] At the outset, the Court notes that there is a strong presumption against federal court jurisdiction based upon removal. *See Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1212 (D. Colo. 2007) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290–92 (1938) and *Martin v. Franklin*, 251 F.3d 1284, 1289 (10th Cir. 2000)). Indeed, a district court is required to remand a case when it "appears" that it lacks subject matter jurisdiction. *See id.*; 528 U.S.C. § 1447.

[3] Notably, section 1446 completely prohibits removal under 28 U.S.C. § 1332 more than one year after the commencement of the action.

the action. As to federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Mr. Daly has not filed the complaint, the Court is unable to evaluate whether a federal question is presented on the face of the complaint. *See Felix v. Lucent Tech. Inc.*, 387 F.3d 1146, 1154 (10th Cir. 2004) (providing that the presence of federal question jurisdiction is determined from the face of the complaint). Moreover, the Court notes that the presence of a federal question is not apparent from the face of the Petition. Although Mr. Daly makes general reference to a violation of his due process rights, there are no facts stated to support such a claim or demonstration that such the claim was made in the underlying litigation. Thus, the Court is unable to determine whether Mr. Daly's claims for relief arise under federal law.

With respect to diversity jurisdiction under 28 U.S.C. § 1332(a), Mr. Daly has not demonstrated that there is diversity between the parties, nor that the requisite amount in controversy is satisfied.[4] *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (providing that diversity jurisdiction only exists if there is no plaintiff and no defendant who are citizens of the same state). In fact, Mr. Daly appears to admit that he and Mr. Armstrong are both citizens of Colorado. Thus, Mr. Daly has failed to establish that this Court has jurisdiction over his claims.[5]

Based on the foregoing, remanded to the State Court is required. *See* 28 U.S.C. §1447(c).

---

[4] Although the Petition includes a conclusory statement that the amount in controversy is $110,000, he has provided no factual support for such an allegation. It would appear that such amount would exceed the jurisdiction of the county court.

[5] There is some indication that Mr. Daly may be attempting to assert a separate claim based on events that occurred in the underlying litigation rather than removing the underlying litigation itself. However, to initiate such an action, Mr. Daly must still establish jurisdiction, which, as discussed *supra*, he has not done.

**IT IS THEREFORE ORDERED** that this action is **REMANDED** to the County Court for Jefferson County, Colorado.

Dated this 12th day of February, 2010

BY THE COURT:

*Marcia S. Krieger*

Marcia S. Krieger

United States District Judge